**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 14-CR-20465-ROSENBERG**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARL LEE WILLIAMS,

    Defendant.

    _____/

**ORDER DENYING WITHOUT PREJUDICE MOTION TO REDUCE SENTENCE**

This cause comes before the Court upon Defendant Carl Lee Williams' ("Williams") Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i). DE 136. Williams seeks his release from prison under 18 U.S.C. § 3582(c)(1)(A)(i) in light of the COVID-19 pandemic. He is presently confined at FCI Coleman Low serving a 180-month sentence for pleading guilty to carjacking with serious bodily injury and brandishing a firearm in furtherance of a crime of violence. DE 122. The Court has carefully reviewed the Motion and the record and is otherwise fully advised in the premises. For the reasons set forth below, Williams' Motion is denied without prejudice.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

> lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1. One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii). Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described" in the application note. *Id.* § 1B1.13, application note 1(D).

The Court need not resolve the question of whether Williams exhausted administrative remedies before the BOP prior to filing the instant Motion. Even if he exhausted administrative remedies, the Court concludes that a sentence reduction is inappropriate in this case.

Williams is 29 years old. As a basis for sentence reduction, he states that he suffers from hypertension and obesity. Williams admits, however, that BOP has never actually diagnosed either ailment. DE 136. He states that he lives "in a petri dish of an environment" at FCI Coleman Low,

2

where more than 180 cases of COVID-19 had been reported as of July 2020.  Williams contends that his medical ailments and the environment at FCI Coleman Low place him at heightened risk of severe illness or death if he contracts COVID-19.

As of the date of this Order, FCI Coleman Low has twenty-two confirmed cases of an inmate contracting COVID-19 and twenty-one confirmed cases of a staff member contracting COVID-19.  *See* https://www.bop.gov/coronavirus/ (last visited November 13, 2020).  There has been one inmate death, one staff death, 206 inmate recoveries and 11 staff recoveries.  *Id.*  The BOP has implemented numerous procedures to mitigate the spread of COVID-19 in its correctional facilities.  *See* https://www.bop.gov/coronavirus/covid19_status.jsp (last visited November 13, 2020).  These procedures include screening inmates, staff, and contractors; isolating inmates under certain circumstances; suspending visits and unnecessary inmate movement; and modifying operations to maximize social distancing such as during meal and recreation times.  *See id.*; *see also* DE 137 at 2-5 (detailing BOP's modified operations in light of COVID-19).  FCI Coleman Low has specifically implemented procedures including: modifying the frequency and number of visitors; screening visitors' temperatures; requiring face coverings at all times; permitting non-contact-only visitation; and requiring advance approval for visits.  *See* https://www.bop.gov/locations/institutions/col/col_tvp.pdf.

The Court is sympathetic to the health challenges that Williams describes in his Motion.  And the Court understands that he has legitimate concerns about the further spread of COVID-19 at FCI Coleman Low.  However, the Court must view those concerns in conjunction with the facts as best the Court is able to ascertain them.  Those facts are that neither of Williams' alleged medical ailments—hypertension and obesity—have been diagnosed by BOP.  Williams concedes this, and

3

as the Government notes, he remains at Care Level 1 within BOP. DE 137-3. Moreover, FCI Coleman Low has implemented mitigation measures in accordance with its role to protect the inmates within its facilities. Under the present circumstances, the Court does not find extraordinary and compelling reasons that warrant a reduction of Williams' sentence.

The Court has also considered the sentencing factors in 18 U.S.C. § 3553(a) and concludes that a sentence modification is not warranted in light of those factors. *See* 18 U.S.C. § 3553(a); *see also id.* § 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence). Williams' self-diagnosed medical conditions do not substantially diminish his ability to provide self-care within FCI Coleman Low. Further, he has served less than half of his 180-month sentence, and the length of his sentence appropriately reflects the violent nature of his crimes.

For all of these reasons, it is **ORDERED AND ADJUDGED** that Defendant Carl Lee Williams' Motion for Reduction of Sentence [DE 136] is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of November, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Defendant, Counsel of Record